UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**STEPHANIE WILSON,**

              **Plaintiff(s),**        CASE NUMBERS: 07-13394 and 07-13395
                                           HONORABLE VICTORIA A. ROBERTS

**v.**

**MAMMOTH VIDEO, Inc.,**
**RACHEL RENEE JENNINGS,**
**EDWARD WORKMAN,**
**COUNTY OF MONROE,**
**SHERIFF TILMAN CRUTCHFIELD, and**
**DEPUTY MIKE DePEW,**

              **Defendant(s).**
_____/

## ORDER

**I.    INTRODUCTION**

    **A.    Plaintiff's Motion for Reconsideration of the Magistrate's Order Denying Her Request to File an Amended Complaint**

This matter is before the Court on Plaintiff Stephanie Wilson's ("Wilson") "Motion for Reconsideration for Good Cause and Written Objections to Written Order Dated 2/13/09 Based Upon the Local Court Rule 7.1(g) and the U.S. Law." (Docs. #43 and #47). Wilson asks the Court to reconsider the Magistrate's Order denying her motion to file a *pro se* amended complaint. She says the Magistrate's Order suffers from a palpable defect because it is unfounded, clearly erroneous, constitutes an abuse of the Court's discretion, and interferes with her right to correct legal pleadings.

This Court treats Wilson's motion as an objection to the Magistrate's Order dated February 13, 2009.

**B.   Defendants' Motions for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 56**

Also before the Court is: (1) Defendants Mammoth Video, Inc. and Rachel Renee Jennings' ("Jennings") "Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) and for Summary Judgment Under Federal Rule of Civil Procedure 56" (Docs. #23 and #27); and (2) Defendants County of Monroe, Sheriff Tilman Crutchfield, and Deputy Mike DePew's ("Deputy DePew") "Motion to Dismiss and/or for Summary Judgment." (Docs. #26 and #30). These motions were referred to Magistrate Judge R. Steven Whalen pursuant to 28 U.S.C. §636(b)(1)(B) for a Report and Recommendation ("R&R").

On February 13, 2009, Magistrate Whalen issued an R&R recommending that the Court GRANT both motions and dismiss Wilson's Complaint with prejudice. The Magistrate says Wilson's claims are time-barred. (Docs. #41 and #45).

Wilson objects. She says: (1) there has been little or no pre-trial discovery; (2) *Shamaeizadeh v. Cunigan*, 182 F.3d 391 (6th Cir. 1999) proves her 42 U.S.C. §1983 claims are not time-barred; (3) the prosecutor withheld a surveillance video tape; and (4) neither absolute nor qualified immunity applies when a prosecutor or law enforcement officer engages in "retaliatory prosecution."

For the following reasons, the Court **ACCEPTS** the R&R to grant Defendants' Motion and Dismiss Plaintiff's Complaint. Plaintiff's objections are overruled.

**II.   BACKGROUND AND PROCEDURAL HISTORY**

On January 15, 2004, Wilson entered a Mammoth Video Store in Monroe County to return two overdue videos. Jennings, the store manager, denied Wilson's request to

waive the late fee.  According to Jennings, Wilson became angry and "backhanded" her across the right side of her face.  Wilson denies hitting Jennings; she says Jennings hit her.

Deputy DePew was dispatched to the Mammoth Video Store to make a police report.  Defendant Edward Workman ("Workman") was a customer in the store.

On February 12, 2004, a criminal Complaint was filed against Wilson for assault and battery.  Wilson received a Notice to Appear in the mail, and she surrendered herself to authorities on March 10, 2004.  Wilson was arraigned on that same day and released.  On August 16, 2004, Wilson's case was dismissed after she attended anger management classes and paid $100 in fines.

Wilson filed a *pro se* Complaint against Defendants on August 14, 2007.  The Complaint claims Wilson was unlawfully arrested, detained, charged, and prosecuted.  Wilson says Defendants violated: (1) the 1st, 4th, 5th, 8th, and 14th Amendments to the United States Constitution; (2) 42 U.S.C. §1981; and (3) 42 U.S.C. §1983.

Wilson obtained counsel on November 23, 2007.  On April 7, 2008, counsel for Wilson filed a First Amended Complaint.  The Amended Complaint alleges: (1) malicious prosecution; (2) abuse of process; (3) false arrest and imprisonment; (4) assault; (5) battery; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; and (8) violations of 42 U.S.C. §1981, 42 U.S.C. §1983, as well as the 4th, 5th, and 14th Amendments to the United States Constitution.

On October 3, 2008, Wilson filed a "Motion for Leave and Entry of an Order Allowing Plaintiff to Now Withdraw and Strike the Amended Complaint for 'Good Cause' Based Upon Rule 15(c)(1)(B); Rule 11(a); [and] Rule 12(f)(2) of the Federal Rules of

Civil Procedure and U.S. Law." (Docs. #31 and #35). Wilson asked the Court to strike the Amended Complaint. She says her counsel filed it without her permission. Further, Wilson requested permission to file a *pro se* amended complaint.

The Magistrate denied Wilson's request in an Order dated February 13, 2009. (Docs. #42 and #46). The Magistrate concluded that because Wilson's claims are time-barred, it would be futile to allow her to file a *pro se* amended complaint. Wilson asks the Court to reconsider this Order as well as the R&R recommending the Court grant Defendants' motions to dismiss.

### III.   ANALYSIS

Wilson's claims under 42 U.S.C. §1983 are governed by the state statute of limitations for personal injury actions. *See Shamaeizadeh v. Cunigan*, 182 F.3d 391, 394 (6th Cir. 1999) (citing *Kuhnle Brothers, Inc. v. County of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). In Michigan, the period of limitations is three years. *See* MCLA §600.5805(10).

The question is: when did the statute of limitations begin to run on Wilson's §1983 claims?

In *Shamaeizadeh*, state officials searched plaintiff's home and seized marijuana plants and marijuana-growing equipment. Plaintiff was indicted under federal drug laws and for using his home to commit or facilitate the drug violations. *Shameizadeh*, 182 F.3d at 392-93. The Government dismissed the charges on April 9, 1996, the date on which the Sixth Circuit found there was no probable cause to search the lower level of plaintiff's home (where the evidence was discovered). *Id.* at 393-94.

Plaintiff filed a 42 U.S.C. §1983 action on April 8, 1997. The district court

dismissed plaintiff's claim as untimely. It found the statute of limitations began to run on the date of the search, not the date the criminal charges were dismissed. *Id.* at 394.

The Sixth Circuit reversed. It held that when the success of a §1983 cause of action necessarily implies the invalidity of a future conviction that might be entered on a pending criminal charge, the action does not accrue until the charges are dismissed. *Id.* at 397-98 (citing *Smith v. Holtz*, 87 F.3d 108 (3rd Cir. 1996)); *see also Heck v. Humphrey*, 512 U.S. 477 (1994); *Schilling v. White*, 58 F.3d 1081 (6th Cir. 1995).

Wilson asks the Court to follow *Shamaeizadeh* and find that the statute of limitations on her §1983 claims began to run on August 16, 2004, the date on which her assault and battery charge was dismissed.

It is noted that Wilson's *pro se* Complaint is unclear as to what she alleges as her §1983 claims. The Court reviews both a false arrest and detention claim under §1983 as well as a malicious prosecution claim under §1983.

### A. False Arrest and Detention Under 42 U.S.C. §1983

The statute of limitations for false arrest and false imprisonment claims begin to run when the alleged false imprisonment ends. *Wallace v. Kato*, 549 U.S. 384, 389 (2007) (citations omitted). False imprisonment ends once the defendant is bound over by a magistrate or arraigned on the charges. *Id.* "Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution[.]". *Id.* at 390.

Wilson was arraigned on March 10, 2004. She had until March 10, 2007 – three years from her arraignment date – to file a Complaint for false arrest and detention.

Assuming Wilson seeks damages arising from her alleged false arrest and detention on March 10, 2004, her §1983 claim is time-barred; Wilson did not file her

5

Complaint until August 14, 2007.

This holding is not changed by *Shamaeizadeh*. *See id.* at 393:

> [T]he . . . rule for deferred accrual is called into play only when there exists "a conviction or sentence that has *not* been invalidated," that is to say, an "outstanding criminal judgment." It delays what would otherwise be the accrual date of a tort action until the setting aside *of an extant conviction* which success in that tort action would impugn.

(Emphasis in original); *see also Fox v. DeSoto*, 489 F.3d 227, 233-34 (6th Cir. 2007) ("the Supreme Court's decision in *Wallace* . . . effectively abrogates the holding in *Shamaeizadeh* and clarifies that *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)] has no application to [pre-conviction] §1983 claims").

### B. Malicious Prosecution Under 42 U.S.C. §1983

In contrast to Wilson's false arrest and detention claim under 42 U.S.C. §1983, the statute of limitations for her malicious prosecution claim against Mammoth Video, Inc.; Jennings; Workman; County of Monroe; the Monroe County Sheriff, Tilman Crutchfield; and DePew did not begin to run until the criminal charge was dismissed. *See DeSoto*, 489 F.3d at 235 (citing *Wallace*, 549 U.S. at 393-94). Wilson's charge was dismissed on August 16, 2004, and she filed a Complaint on August 14, 2007. Her malicious prosecution claim under §1983 is timely. *See Pallisco v. Huron Twp.*, 2006 WL 901655 at *7 (E.D. Mich. March 31, 2006) ("a malicious prosecution claim under § 1983 has a statute of limitations of three years") (citing *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004)).

However, to succeed on a malicious prosecution claim under §1983, Wilson must prove four elements: (1) Defendants initiated a criminal prosecution against her; (2) the criminal proceedings terminated in her favor; (3) the private person who instituted or

maintained the prosecution lacked probable cause for his actions; and (4) the action was undertaken with malice or a purpose in instituting the criminal claim other than bringing the offender to justice.  *See Matthews v. Blue Cross & Blue Shield of Michigan*, 456 Mich. 365, 378 (1998) (citations omitted).

Even assuming Wilson is asserting a malicious prosecution claim under 42 U.S.C. §1983, her claim fails, at a minimum, under the third prong.

Probable cause means "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *United States v. Ferguson*, 8 F.3d 385, 392 (6th Cir. 1993) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)).  Whether probable cause exists is determined by the totality of the circumstances.  *See Illinois v. Gates*, 462 U.S. 213, 238 (1983).  "This totality of the circumstances analysis includes a realistic assessment of the situation from a law enforcement officer's perspective." *Ferguson*, 8 F.3d at 392 (quoting *United States v. Barrett*, 890 F.2d 855 (6th Cir. 1989)).

On January 15, 2004, Deputy DePew prepared a police report.  The report says DePew interviewed Workman, an eyewitness to the incident.  Workman stated he saw Wilson "back hand" Jennings on the right side of her face.  DePew says Jennings's face had a red mark on the right side.  Further, Deputy DePew and the Assistant Prosecutor viewed the surveillance video tape.

Based on that information (which includes a statement from a neutral party), DePew had reasonable grounds to believe Wilson committed an assault and battery, and the prosecutor had probable cause to proceed with the prosecution.

Because the Court finds Wilson's claims are either time barred or fail on the

merits as a matter of law, the Court need not address Wilson's positions that: (1) the prosecutor withheld the surveillance video tape; (2) there was little or no pretrial discovery; and (3) neither absolute nor qualified immunity applies.

Importantly, Wilson's deposition testimony proves that the prosecutor did not withhold the surveillance video tape. Wilson testified that she received a copy of the video tape and her second criminal defense attorney viewed the original surveillance video tape with the Assistant Prosecutor. According to Wilson, her second criminal defense attorney told her what was depicted in the tape.

Further, discovery was conducted until July 24, 2008.

### IV.    CONCLUSION

The Court **ADOPTS** the Magistrate's R&R. Wilson's Complaint against Defendants County of Monroe, Sheriff Tilman Crutchfield, Deputy Mike DePew, Mammoth Video, Inc., and Rachel Renee Jennings is **DISMISSED**.

Wilson's request to file a *pro se* amended complaint is **DENIED** as futile. Wilson seems to be asking the Court to revive her original Complaint. Those claims, however, either lack merit or are barred by the statute of limitations.

The Court **DENIES** Defendants' request for sanctions based on Wilson's claim that the surveillance video tape was withheld from evidence.

On December 3, 2007, Joseph N. Ejbeh entered an appearance on behalf of Edward Workman. Nevertheless, Mr. Ejbeh did not include Workman in his motion to dismiss. Wilson's claims against Edward Workman proceeds to trial.

Pursuant to the Order of Reference of All Pretrial Proceedings entered on

January 18, 2008, Magistrate Judge Whalen will conduct a Status/Settlement Conference.  Parties will be notified directly by Magistrate Judge Whalen of a date and time.

    **IT IS ORDERED.**

                                /s/ Victoria A. Roberts
                               Victoria A. Roberts
                               United States District Judge

Dated:  March 20, 2009

> The undersigned certifies that a copy of this document was served on the attorneys of record and Stephanie Wilson by electronic means or U.S. Mail on March 20, 2009.
>
> s/Linda Vertriest
> Deputy Clerk